IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

KARIME SANTOS,

      Plaintiff,

v.

ACARA SOLUTIONS, INC. d/b/a SUPERIOR
GROUP and LEONARDO DRS, INC., f/k/a DRS
TECHNOLOGIES, INC.,

      Defendants.
_____/

Case No: 05-2020-CA-_____-XXXX-XX

## COMPLAINT

Plaintiff, KARIME SANTOS ("MS. SANTOS"), by and through her undersigned attorneys, hereby sue Defendants, ACARA SOLUTIONS, INC. d/b/a SUPERIOR GROUP ("SUPERIOR GROUP") and LEONARDO DRS, INC., f/k/a DRS TECHNOLOGIES, INC. ("DRS"), and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, MS. SANTOS, is a resident of Brevard County, Florida.

2. Defendant, ACARA SOLUTIONS, INC. d/b/a SUPERIOR GROUP ("SUPERIOR GROUP"), is a foreign corporation with an office located in Brevard County, Florida and which is authorized to transact business in Florida.

3. Defendant, LEONARDO DRS, INC., f/k/a DRS. TECHNOLOGIES, INC. ("DRS"), is a foreign corporation with an office located in Brevard County, Florida and which is authorized to transact business in Florida.

4. Jurisdiction and venue are proper in that the causes of action alleged herein accrued in Brevard County, Florida, and Defendants engaged in business transactions in Brevard County Florida and have offices in Brevard County, Florida.

5. SUPERIOR GROUP is a company who advertises itself as a complete staffing agency.

6. DRS is a defense prime contractor who is a supplier of integrated products, services and support to military forces, intelligence agencies and defense contractors worldwide.

7. In or around August of 2017, MS. SANTOS was placed at DRS by STS Staffing & Temporary Services. However, SUPERIOR GROUP eventually took over the placement of MS. SANTOS at DRS.

8. On or about March 13, 2018, MS. SANTOS was terminated from her position at DRS. MS. SANTOS was seven (7) months pregnant at the time of her termination.

9. On the date of termination, MS. SANTOS was told on three (3) separate occasions that she was a "liability" due to her pregnancy. The statements regarding MS. SANTOS being a liability due to her pregnancy were made by a manager of DRS.

10. Subsequently, the manager at DRS, who made the above-described statements, ordered MS. SANTOS to go speak with representatives of SUPERIOR GROUP.

11. On that same day, MS. SANTOS was contacted by SUPERIOR GROUP and told that they had "unfortunate news" and proceeded to advise MS. SANTOS that it had to end its contract with her due to a lack of work. No other individuals were let go or terminated at that time.

12. MS. SANTOS was never reprimanded during her employment, nor was she ever counseled for poor performance. MS. SANTOS had also been working at DRS for longer than any other individual who had been placed at DRS by SUPERIOR GROUP.

13. Additionally, in the days and weeks leading up to MS. SANTOS' termination, managers of DRS had held staff meetings wherein they advised the employees that DRS had more and more contracts coming in that were resulting in an increase in work for the employees. As such, SUPERIOR GROUP and DRS' reason for termination was clearly a pretext.

14. The motivating factor in DRS and SUPERIOR GROUP's termination of MS. SANTOS was the fact that she was pregnant.

15. DRS and SUPERIOR GROUP qualify as joint employers for purposes of MS. SANTOS employment. Specifically, both SUPERIOR GROUP and DRS had the right to control MS. SANTOS and both exercised significant supervisory control over MS. SANTOS during her tenure at DRS.

16. DRS and SUPERIOR GROUP employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

17. On or about August 27, 2020, MS. SANTOS received her Notices of Right to Sue from the United States Equal Employment Opportunity Commission. As such, the instant Complaint is filed within the time frame required under the law.

18. All conditions precedent to maintaining this action have been met, been excused, been waived, or otherwise have occurred.

19. Plaintiffs have engaged the services of the undersigned attorney and are obliged to pay him a fee for said services.

## COUNT I: ACTION UNDER THE FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTE, CHAPTER 760 (SUPERIOR GROUP)

20. This is an action for discrimination on the basis of pregnancy brought pursuant to Florida Statute, Chapter 760 and for damages that exceed $30,000.00.

21. Plaintiff, MS. SANTOS, re-alleges and incorporates the allegations contained in Paragraphs 1-19 above.

22. Pursuant to Florida Statute 760.10 it is unlawful for an employer to "Discharge or to fail or refuse to hire any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap or marital status."

23. As is more particularly described above, SUPERIOR GROUP's motivating factor in terminating MS. SANTOS was the fact that she was pregnant.

24. SUPERIOR GROUP's actions constituted intentional discrimination in that SUPERIOR GROUP had actual knowledge of the wrongfulness of the conduct and that damage to MS. SANTOS would result and, despite that knowledge, intentionally pursued a course of conduct that resulted in MS. SANTOS' termination.

25. As a direct and proximate result of said acts or omissions, MS. SANTOS has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MS. SANTOS, demands judgment against Defendant, SUPERIOR GROUP, for damages including back pay in the form of lost wages, including lost fringe benefits and interest, front pay damages, compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, pain, suffering and any other intangible injuries, punitive damages, costs, attorney's fees, and such other and further relief as this Court deems just and proper.

**COUNT II: ACTION UNDER THE FLORIDA CIVIL RIGHTS ACT, FLORIDA STATUTE, CHAPTER 760 (DRS)**

26. This is an action for discrimination on the basis of pregnancy brought pursuant to Florida Statute, Chapter 760 and for damages that exceed $30,000.00.

27. Plaintiff, MS. SANTOS, re-alleges and incorporates the allegations contained in Paragraphs 1-19 above.

28. Pursuant to Florida Statute 760.10 it is unlawful for an employer to "Discharge or to fail or refuse to hire any individual, or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap or marital status."

29. As is more particularly described above, DRS' motivating factor in terminating MS. SANTOS was the fact that she was pregnant.

30. Additionally, DRS qualifies as a joint employer due to the fact that it exercised significant supervisory control over MS. SANTOS during her tenure at DRS.

31. DRS' actions constituted intentional discrimination in that DRS had actual knowledge of the wrongfulness of the conduct and that damage to MS. SANTOS would result and, despite that knowledge, intentionally pursued a course of conduct that resulted in MS. SANTOS' termination.

32. As a direct and proximate result of said acts or omissions, MS. SANTOS has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, MS. SANTOS, demands judgment against Defendant, DRS, for damages including back pay in the form of lost wages, including lost fringe benefits and interest, front pay damages, compensatory damages including, but not limited to, damages for mental anguish, loss of dignity, pain, suffering and any other intangible injuries, punitive damages, costs, attorney's fees, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MS. SANTOS, hereby demands a trial by jury on all issues so triable.

Dated: November 19, 2020.   **FRESE, WHITEHEAD & ANDERSON, P.A.**

By: /s/ James D. Henderson
Allan P. Whitehead
Florida Bar No. 870927
James D. Henderson
Florida Bar No. 0084257
2200 Front Street, Suite 301
Melbourne, FL  32901
Tel:  321.984.3300; Fax:  321.951.3741
Primary: awhitehead@fresewhitehead.com and Jhenderson@fresewhitehead.com
Secondary: dmohre@fresewhitehead.com
Attorneys for Plaintiff

I:\Allan\Santos\Complaint 111920.wpd