UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARIME SANTOS,
        Plaintiff,

v.                                        Case No. 6:21-cv-68-JA-DCI

ACARA SOLUTIONS, INC. and
DRS NETWORK & IMAGING
SYSTEMS, LLC,
        Defendants.

## ORDER

Plaintiff, Karime Santos, filed this action in state court alleging pregnancy discrimination under the Florida Civil Rights Act (FCRA). Defendant DRS Network & Imaging Systems, LLC removed it to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Santos now moves to remand the action to state court, asserting that DRS has not established that more than $75,000 is in controversy as required for this court to have subject-matter jurisdiction. Having considered Santos's motion (Doc. 16) and DRS's response (Doc. 21), the Court denies the motion to remand.

## I.    Factual and Procedural Background

According to the Amended Complaint, Santos worked for DRS and co-Defendant Acara Solutions, Inc. from August 2017 until March 13, 2018, when she was terminated while she was seven months pregnant. (Am. Compl., Doc.

1-2, ¶¶ 7–8). A DRS manager allegedly told Santos repeatedly "that she was a 'liability' due to her pregnancy." (Id. ¶ 9).

Santos filed this suit in state court, alleging that she was terminated because of her pregnancy in violation of the FCRA. (Compl., Doc. 1-1). Her Amended Complaint, filed five days later, alleges the same claims and merely states that her damages exceed the jurisdictional threshold for that court—$30,000. (Doc. 1-2 ¶ 20). She requests back pay, front pay, compensatory damages (including damages for mental anguish, loss of dignity, pain, and suffering), punitive damages, and attorney's fees against both Defendants. (Id. at 4 & 5).

After being served with the Amended Complaint, DRS timely removed the case to this Court, (Notice of Removal, Doc. 1), explicitly stating that Acara consented to the removal, (id. ¶ 5). DRS invoked this Court's subject-matter jurisdiction under 28 U.S.C. § 1332(a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

In support of its assertion that the amount in controversy exceeded the $75,000 threshold at the time of removal, DRS broke down each item of claimed damages, providing detailed calculations of back pay and one year of front pay based on Santos's rate of pay and hours worked; estimating compensatory

2

damages; noting that the FCRA allows for maximum punitive damages of $100,000; and estimating that Santos's attorney's fees alone could total $50,000 to $75,000. (Doc. 1 at 8–15). Two business days after DRS filed its Notice of Removal, Acara filed its Answer to Santos's Amended Complaint. (Doc. 6). In that Answer, Acara stated "that this action has been properly removed to federal court and therefore [Acara] admits that jurisdiction and venue are proper in this Court." (Id. ¶ 4).

Santos then filed her Motion to Remand (Doc. 16). Although Santos does not contest that the parties are diverse, she asserts that the amount in controversy does not exceed $75,000 as alleged by DRS. She also argues that removal was procedurally improper because Acara did not consent to removal.

## II. Discussion

### A. Amount in Controversy

A defendant may remove an action from state court to federal court if the federal court has original jurisdiction over the case, 28 U.S.C. § 1441(a), such as under the court's § 1332 diversity jurisdiction. If the plaintiff did not plead a specific amount of damages in the complaint, a removing defendant in a diversity case bears the burden of establishing by a preponderance of the evidence that the $75,000 amount in controversy requirement is met. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). If the defendant presents the district court with factual allegations and evidence supporting

jurisdiction, the court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). "That kind of reasoning is not akin to conjecture, speculation, or star gazing." Id.

Here, DRS contends that the Court should consider back pay of $78,289.38 through the date of trial; one year of front pay totaling $17,777.76; compensatory damages conservatively estimated at $20,000; punitive damages at the FCRA cap of $100,000; and attorney's fees between $50,000–$75,000 through the date of trial. On the other hand, Santos argues that the Court may not consider back pay or attorney's fees beyond the date of removal,[1] may not consider other forms of damages, and should subtract her compensation from her new employer as mitigation. She thus calculates the amount in controversy only including backpay of $36,634.36 and attorney's fees of $4,025.00.[2]

As an initial matter, this Court rejects the notion that backpay and attorney's fees should only be calculated through the date of removal. See Fusco v. Victoria's Secret Stores, LLC, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011)

---

[1] In support of this position, Santos purports to quote and cite Cowan v. Genesco, Inc., No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412 (M.D. Fla. July 14, 2014). However, the quotes and citations actually come from Ambridge v. Wells Fargo Bank, N.A., No. 8:14-cv-1212-EAK-TBM, 2014 U.S. Dist. LEXIS 126654 (M.D. Fla. Sept. 10, 2014).

[2] Santos conflictingly argues that attorney's fees should be calculated through the date of removal but includes $4,025 as the total through the date of the motion to remand.

(noting the district court split and concluding "that back pay for purposes of the amount in controversy requirement should be calculated to the date of trial"). And DRS cites numerous cases in its Notice of Removal and its Response to the motion to remand that support its contention that $50,000–$75,000 is a reasonable estimate of potential attorney's fees in this case. (Doc. 1 at 14; Doc. 21 at 10); see also Williams v. Consol. City of Jacksonville, NO. 3:00-cv-469-J-32TEM, 2006 U.S. Dist. LEXIS 64618, at *33 (M.D. Fla. Sept. 11, 2006) (awarding reasonable hourly rates of $260 for a lead attorney and $160 for a new attorney for roughly 1,540.77 hours of attorney time), aff'd, 237 F. App'x 508 (11th Cir. 2007). Even if the Court concluded that reasonable attorney's fees were only $50,000, at the low end of that attorney's fees range, Santos's admitted back pay damages of $36,634.36 would bring the total amount in controversy within this Court's jurisdiction.

Any lingering doubt as to the amount in controversy is further extinguished because Santos also seeks an award of punitive damages. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." Holley Equip. Co. v. Credit All. Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) (internal citations omitted). The FCRA allows for the recovery of up to $100,000 in punitive damages. Fla. Stat. § 760.11(5). It is not clear whether willful and wanton conduct on the part of the employer is

necessary or if negligence is sufficient for an award of punitive damages. See Speedway Super Am., LLC v. Dupont, 933 So. 2d 75, 89–90 (Fla. 5th DCA 2006) (noting lack of clarity as to the standard). But because Santos alleges her employers' conduct was "intentional" and with "actual knowledge of the wrongfulness of the conduct," the Court cannot conclude that it would be legally impossible for Santos to recover punitive damages, even if the higher standard applies. (Doc. 1-2 ¶¶ 24 & 31).

Consequently, adding only the undisputed back pay of $36,634.36, a modest amount of attorney's fees, and only a fraction of the punitive damages allowed under the FCRA—without considering disputed additional back pay, front pay, and other compensatory damages—DRS has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the jurisdictional requirements are satisfied.

B. Acara's Consent to Removal

In addition to challenging this Court's subject-matter jurisdiction, Santos also argues that removal of this case was procedurally improper because "the removal notice does not show that all Defendants consented to removal." (Doc. 16 at 14). This argument is without merit.

In general, "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." 28 U.S.C.

6

§ 1446(a). And "all defendants who have been properly joined and served **must join in or consent to** the removal of the action." Id. § 1446(b)(2)(A) (emphasis added). This requirement is known as the "unanimity rule." Baily v. Janssen Pharm., Inc., 536 F.3d 1202, 1207 (11th Cir. 2008).

In this case, the Notice of Removal was filed by DRS and signed by DRS's attorney. Acara's counsel did not sign it, but the Notice states that DRS "has contacted [Acara's] attorney who has indicated that [Acara] consents to the removal." (Doc. 1 ¶ 5). In its Answer filed two business days later, Acara specifically stated that the action was properly removed. (Doc. 6 ¶ 4). And eight days after Santos moved to remand, Acara filed a Notice of Consent to Removal (Doc. 19), noting that it had "expressly provided counsel for DRS its consent to removal" prior to when the Notice of Removal was filed. (Doc. 19 ¶ 4). Acara also noted that in support of the Notice of Removal, it had provided a Declaration from its Director of Human Resources. (Id.). Acara reiterated its consent and stated its opposition to Santos's remand motion. (Id. ¶¶ 5 & 7).

Circuit courts are split as to whether one defendant may meet the requirements of the unanimity rule by signing a notice of removal certifying the consent of co-defendants or whether co-defendants must sign the notice of removal themselves or timely file a notice of consent to removal. See Harper v. Auto All. Int'l, Inc., 392 F.3d 195, 201–02 (6th Cir. 2004) (holding that one attorney of record may sign the notice of removal and certify that the remaining

7

co-defendants consent to removal); Proctor v. Vishay Intertech. Inc., 584 F. 3d 1208, 1224–25 (9th Cir. 2009) (noting the circuit split and adopting the Sixth Circuit's more lenient standard); Mayo v. Bd. of Educ., 713 F.3d 735, 741–42 (4th Cir. 2013) (noting the split and adopting the more lenient standard). The Eleventh Circuit has not weighed in on the split in a published opinion. But in an unpublished opinion, the Eleventh Circuit declined to adopt a "wooden rule" and held that "[a] technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment." Stone v. N.Y. Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015).

Acara has done just that and more. Acara went beyond mere opposition to remand by contributing to the notice of removal, filing an answer admitting proper removal, and later filing a notice of consent to removal. Accordingly, this Court rejects Santos's contention that this case must be remanded because removal was procedurally improper.

### III. Conclusion

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand (Doc. 16) is **DENIED** in all respects.

**DONE** and **ORDERED** in Orlando, Florida, on April 13, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record